

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# Meehan v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3024

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Meehan v. PA Bd Probation" (2006). *2006 Decisions.* Paper 1095.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1095

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  04-3024

MICHAEL K. MEEHAN

v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE;
ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA;
GERALD J. PAPPERT,

Appellants

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 04-cv-00495)
District Judge: Hon. James M. Munley

Submitted pursuant to Third Circuit LAR 34.1(a)
March 27, 2006

Before: McKEE and VAN ANTWERPEN, Circuit Judges,
and POLLAK, Senior District Judge[*]

(Opinion filed: May 18, 2006)

OPINION

McKEE, Circuit Judge.

The Pennsylvania Board of Probation and Parole and Gerald J. Pappert, the

---

[*]The Hon. Louis H. Pollak, Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

Attorney General of the Commonwealth of Pennsylvania, (collectively, the "Commonwealth") appeal the district court's grant of § 2254 habeas relief to Michael K. Meehan. For the reasons that follows, we will vacate the grant of relief and remand for further proceedings consistent with our opinion in *Richardson v. Pennsylvania Board of Probation and Parole*, 423 F.3d 282 (3d Cir. 2005).

## I.

Meehan, a state prisoner, was convicted of aggravated assault and making terroristic threats. In 1990, the state court imposed consecutive sentences with a maximum of 16 years' imprisonment. In July 1997, he was released on parole, but was declared delinquent in October 1998 after two urine samples tested positive for opiates and cocaine. He was subsequently recommitted as a technical parole violator and sentenced to 12 months' backtime. In December 1999, he pleaded guilty to three counts of drunk driving. Based on those convictions, the Parole Board recommitted him as a convicted parole violator in April 2000 and ordered him to serve 12 months' backtime. He has since been denied parole three times.

After exhausting his state remedies, Meehan filed a § 2254 habeas petition alleging, *inter alia*, that the retroactive application of the 1996 amendments to the parole statute (applying new criteria for parole) violated the *ex post facto* clause of the United States Constitution. The district court agreed with him and granted habeas relief by directing that the Parole Board re-adjudicate his parole application under the pre-1996

statute. The Commonwealth then filed this appeal.

## II.

Our opinion in *Richardson v. Pennsylvania Board of Probation and Parole*, 423 F.3d 282 (3d Cir. 2005), controls this appeal. In that case, after an analysis of recent Pennsylvania Supreme Court cases and our opinion in *Mickens-Thomas v. Vaughn*, 321 F.3d 374 (3d Cir. 2003), we held that even though the practical effect of the 1996 amendment may be that it increases an individual prisoner's sentence, in order to obtain habeas relief based on an *ex post facto* violation, the state prisoner must also show that he was individually disadvantaged by the use of the 1996 amendments in his parole determination.

However, *Richardson* was decided more than one year after the district court granted relief to Meehan. Therefore, the district court did not have the benefit of our opinion. Accordingly, we believe it prudent to vacate the grant of habeas relief and remand so that the district court can consider whether Meehan was individually disadvantaged by the application of the 1996 amendments to his parole determination.

## III.

For the above reasons, we will vacate the grant of habeas relief and remand for the district court to consider whether Meehan was individually disadvantaged by the application of the 1996 amendments to his parole determination.

3